UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Victor Sanchez Garcia, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden FCI-Williamsburg, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No. 5:15-cv-01127-HMH-KDW<br><br>REPORT AND RECOMMENDATION |

Petitioner Victor Sanchez Garcia ("Petitioner"), a federal prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss or alternatively a Motion for Summary Judgment on June 1, 2015. ECF No. 18. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 19. Petitioner filed a Response in Opposition to Respondent's Motion on June 22, 2015. ECF No. 22. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion, ECF No. 18, be granted.

I.   Factual and Procedural Background

Petitioner is currently confined at the Federal Correctional Institution (FCI) in Williamsburg, South Carolina where he is serving a concurrent 120-month term of imprisonment and a 360-month term of imprisonment. ECF No. 1-2 at 35. Petitioner filed the instant action challenging the execution of his federal sentence and requests the court "provide to the Petitioner

the credited time ordered by the Honorable United States District Court Judge Fred Van Sickle [from Case Number CR 96-27C]." ECF No. 1 at 2-3. Here, Petitioner is "challenging the constitutionality of the statutory authority of 18 United States Code, Section § 3585(a) and Program Statement 5880.28 which was utilized by the Federal Bureau of Prisons ("BOP") in carrying out the execution of Petitioner's sentence in a manner contrary as dictated by the United States District Court Judge, Fred Van Sickle." *Id.* at 1.

Defendants provided the court with an outline of Petitioner's respective federal sentences and the time frames in which he served and is currently serving them. This outline is verified by the Declaration of Grace Woods-Coleman, a management analyst with the Designations and Sentence Computation Center of the BOP. Woods-Coleman Dec. ¶ 1, ECF No. 18-1. Woods-Coleman reviewed Petitioner's federal term of imprisonment and presented a detailed version of Petitioner's sentence and sentence computations in her Declaration. *Id.* ¶¶ 2-13. On May 17, 1996, Petitioner was sentenced in the United States District Court for the Western District of Washington (WDWA) to a term of 51-months federal incarceration for Possession of Heroin With Intent to Distribute ("PWID") in Case Number CR96-27C. *Id.* ¶ 4. On July 21, 1999, Petitioner satisfied his 51-month sentence for the PWID conviction. *Id.* ¶ 7.

While serving his PWID sentence, Petitioner was indicted on two separate and additional charges in the Eastern District of Washington—felony possession of a firearm, case number 2:98-CR-02073-FVS, and conspiracy to export a controlled substance, cocaine, case number 2:98-CR-02132-001. *Id.* ¶¶ 5-6. Petitioner was indicted on the firearm possession charge on June 9, 1998, and he was indicted on the conspiracy charge on November 17, 1998. *See id.* On December 8, 1999, Petitioner was sentenced to a 120-month term of imprisonment for the fireman possession charge and a 360-month term of imprisonment on the conspiracy charge. *Id.*

¶ 8; ECF No. 18-1 at 24-33. The court ordered that the two sentences run concurrently. ECF No. 18-1 at 31.

On May 7, 2003, the Eastern District of Washington held a resentencing hearing for Petitioner before the Honorable Fred Van Sickle. ECF No. 1-2. During the hearing, the court entertained re-sentencing issues after it granted the portion of Petitioner's "petition filed involving writ of habeas corpus, 28 United States Code, Section 2255." *Id.* at 28. There, Judge Van Sickle noted: "The limited issues involved with this proceeding deal principally and primarily with the enhancements to the sentence involving the [Petitioner] concerning the conviction involved for conspiracy to export controlled substance, cocaine, which the [Petitioner] was found guilty after trial before a jury." *Id.* at 28-29. Judge Van Sickle went on to discuss separate enhancements for possession of a firearm and restraint of victim and how the enhancements applied to Petitioner's criminal sentencing. *Id.* at 29-34. Ultimately, Judge Van Sickle determined that the sentencing enhancements were appropriate and sentenced Petitioner to 360 months' confinement for the conspiracy to export cocaine conviction, and 120 months' confinement for the felony possession of a firearm conviction—"those [sentences] to run concurrent." *Id.* at 34. Additionally, Judge Van Sickle held:

> The court also would indicate that the cause from Western Washington, CR-96-0027-JCC, which was for the crime of possession with intent to distribute heroin, a 51-month sentence, that that also should run concurrently. In other words, the three causes shall have concurrent - - the causes in this case, the 360-month sentence along with the 120-month sentence, should run concurrently and those sentences should also run concurrent with the Western Washington cause, CR-96-0027-JCC.
> . . . .
> I want to make it clear also there's no question that I will again recommend there be credit given for all time served in regard to these allegations so that might be clear, and time previously and to this point will be given for time served.

*Id.* at 34-37.

Judge Van Sickle's amended judgments are attached as exhibits to Woods-Coleman's Declaration. *See* ECF No. 18-1 at 36-47. June 4, 2003, was the date of the Amended Judgment, and May 7, 2003, was the date of the Imposition of the Judgments. *See id.* The Amended Judgment reflected Judge Van Sickle's ruling that cases 2:98-CR-02073-001, CR-98-2132-FVS, and 96-0027-JCC were to run concurrently. *Id.* at 37. Additionally, Judge Van Sickle recommended that Petitioner "receive credit for time *detained* in federal custody." *Id.* (emphasis added). Respondent represented that Petitioner is "currently projected to be released from BOP custody via GCT (Good Time Credits) on September 27, 2025." ECF No. 18 at 5.

Petitioner brings this § 2241 habeas petition because "the Federal Bureau of Prison's Officials refused to credit a previously satisfied sentence served in Case Number CR 96-27C as ordered by the United States District Court Judge Fred Van Sickle." ECF No. 1 at 2.

II.     Discussion

Initially, the undersigned finds Petitioner has presented the court with two main issues: (1) whether Petitioner should be credited with the 51-month sentence he previously served for the PWID heroin conviction; and (2) whether "imposition of a sentence, including the determination of conditions, is a core judicial function that can only be exercised by an Article III Judge and any authority exercised by the United States Bureau of Prisons beyond that ordered by an Article III Judge contravenes basic tenants of the seperation (sic) of powers clause." ECF No. 1.

A.     Standard for Motion to Dismiss and Motion for Summary Judgment

The undersigned notes that Respondent brought this Motion under Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be

4

founded. Fed. R. Civ. P. 12(b)(1). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss under Rule 12(b)(6) tests "sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Johnson v. Fields*, 616 F. App'x 599, 600 (4th Cir. 2015). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Under Rule 56(a) of the Federal Rules of Civil Procedure, the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.  Habeas Corpus Standard of Review

A federal prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2255.[1] Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little,* 392 F.3d 671,

---

[1] The court notes that while challenges to prison disciplinary actions and calculations of good time credits may be petitioned under § 2241, some authority provides that "state prisoners who seek federal habeas relief must proceed under § 2254." *Tippett v. McCall*, C/A No. 1:09-593-HMH-SVH, 2011 WL 441942, at *2 (D.S.C. Feb. 7, 2011); *see also Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) (discussing legislative history of federal habeas corpus).

678–79 (4th Cir. 2004). A petition pursuant to § 2241 challenging the execution of a federal prisoner's sentence generally addresses "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla,* 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *United States v. Miller,* 871 F.2d 488, 490 (4th Cir. 1989).

Petitioner seeks credit for time served prior to his December 8, 1999 sentence and 2003 re-sentence. A federal prisoner must use the BOP's Administrative Remedy Program prior to initiating a civil action. *See* 28 C.F.R. § 542.10 ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). Here, Respondent stipulates that Petitioner has exhausted his administrative remedies. ECF No. 18 at 3.

    C.    Analysis

        1.    Credit for 51-month PWID sentence

Respondent argues Petitioner's request for a writ of habeas corpus should be denied, and dismissed in its entirety because "the BOP cannot run Case Nos. 2:98-CR-02073-001 and CR-98-2132-FVS concurrently with Case No. 96-0027-JCC. . ." ECF No. 18 at 9. In his Response, Petitioner does not address Respondent's argument that the BOP cannot run a sentence concurrent with a previous sentence that has been satisfied. *See* ECF No. 22. Rather, Petitioner's Response focuses entirely on his Separation of Powers argument, and Petitioner again requests that the court "declare the B.O.P conduct as an unconstitutional exercise of judicial power. . . ." *Id.* at 5.

Pursuant to 18 U.S.C. § 3585, the BOP is responsible for determining the beginning date of the prisoner's sentence and calculation of a release date giving the prisoner credit for pretrial custody. *See United States v. Wilson,* 503 U.S. 329, 332 (1992); *Henderson v. Owen*, No. 3:08-3220-HMH-JRM, 2009 WL 1254031, at *3 (D.S.C. May 1, 2009) *aff'd*, 333 F. App'x 713 (4th Cir. 2009); *see also* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States . . . .").

The United States Code instructs that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C.A. § 3585 (a). Concerning credit for prior federal custody, the United States Code instructs:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> 1. as a result of the offense for which the sentence was imposed; or
> 2. as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585 (b). Respondent represents that the language in 18 U.S.C.A. § 3585 is also reflected in the BOP's Program Statement 5880.28, Sentence Computation Manual which provides that "in no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." ECF No. 18 at 6 (citing to ECF No. 18-1 at 49).

Here, as indicated on his judgment forms, Petitioner's sentences in case numbers 2:98-CR-02073-FVS, and 2:98-CR-02132-001, commenced on December 8, 1999, roughly six months after his 51-month sentence for the PWID conviction ended. ECF No. 18-1 at 24-35. In accordance with 18 U.S.C. § 3585(b) and Program Statement 5880.28, Petitioner was awarded credit while he was a pre-trial detainee for the time period from July 22, 1999, through December 7, 1999. The Declaration of Woods-Coleman confirms this credit was given to Petitioner and whether Petitioner received this credit is not at issue. ECF No. 18-1 ¶ 12 (reflecting "Petitioner received 139 days of prior custody credit toward his federal sentence from July 22, 1999, until December 7, 1999, for periods of detention that occurred after the date of his federal offense that had not been credited toward any other sentence"). Respondent argues that under 18 U.S.C. § 3585 (b), Petitioner cannot be given credit for the 51 months he served for the PWID heroin conviction because he would be receiving double credit for his detention time, and the 51-months he served was credited toward satisfying the sentence for Case No. 96-CR-0027. *Id.* at 6-7. The undersigned finds Petitioner is only entitled to credit for the time he served after satisfying his sentence and before his sentences for case numbers 2:98-CR-02073-FVS, and 2:98-CR-02132-001, commenced on December 8, 1999.

Here, Judge Van Sickle held that Petitioner's sentences should run concurrently and that Petitioner be given credit "for all time served in regard to *these* allegations so that might be clear, and time previously and to this point will be given for time served." ECF No. 1-2 at 36. The undersigned finds that Judge Van Sickle meant that Petitioner receive credit for the time he served for the felony possession of a firearm in the EDWA, case number 2:98-CR-02073-FVS, and conspiracy to export a controlled substance, cocaine, case number 2:98-CR-02132-001 charges. Judge Van Sickle's intent to only credit Petitioner for time he served while he was a

9

pre-trial detainee is evidenced in the Amended Judgments. ECF No. 18-1 at 36-47 (recommending that Petitioner "receive credit for time *detained* in federal custody" (emphasis added)).

The undersigned also notes that Judge Van Sickle instructed that the three sentences run concurrently. However, only undischarged sentences or terms of imprisonment may run concurrently. *See* ECF No. 18-1 at 52. Specifically, Program Statement 5880.28 provides: "The statute that governs the manner in which multiple sentences of imprisonment may be imposed is 18 USC § 3584. (1) Subsection (a) of Section 3584 states, 'If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . .'" *See id.* Here, Petitioner's sentence for Case Number 96-CR-0027 had ended or was satisfied by the time the running of his other sentences commenced. Therefore, it was impossible for all three sentences to run concurrently because the later two were imposed on December 8, 1999, after Petitioner's sentence for heroin PWID had been discharged.

Because the undersigned finds Petitioner should not be given credit for the 51 months he served for this PWID heroin sentence and because that sentence could not and cannot run concurrently with the 360-month and 120-month sentences he is currently serving, the undersigned recommends granting Respondent's Motion for Summary Judgment concerning the calculation and execution of Petitioner's sentences.

2.     Separation of Powers

Respondent contends that Petitioner's claims that 18 U.S.C. § 3585(a) and Program Statement 5880.28 violate the Separation of Powers Clause of the United States Constitution are not properly before the court. ECF No. 18 at 3. Specifically, Respondent cites to the United

States Supreme Court case of *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), in support of his position.

The undersigned agrees with Respondent to a certain extent. A § 2241 habeas petition is not the proper avenue for an inmate's claims concerning the constitutionality of federal statutes. Should the undersigned recommend the district court find 18 U.S.C. § 3585 unconstitutional, such a finding would not provide the court with jurisdiction to recalculate Petitioner's sentence. Therefore, the court could dismiss Petitioner's habeas petition for lack of subject matter jurisdiction under Rule 12(b)(1). *Davis v. United States*, No. 8:05-2778-GRA-BHH, 2006 WL 89505, at *3 (D.S.C. Jan. 12, 2006) ("Initially, Petitioner's claims about the facial constitutionality of 18 U.S.C. § 3231 and 28 U.S.C. § 2255 do not provide this Court with jurisdiction to vacate his conviction and sentence under any type of 'Original Habeas Corpus by Common Law.'").

Nevertheless, the undersigned sees no separation of power problems by the delegation of certain sentence execution functions to the BOP. The Supreme Court has held that the judiciary alone should exercise the sentencing function, and the BOP, acting as an arm of the judiciary is confined to executing that sentence. *See e.g., United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); *Loveless v. Ziegler*, No. 5:11-CV-00991, 2012 WL 3614315, at *4 (S.D.W. Va. Aug. 21, 2012) (citing *Setser v. United States*, 132 S. Ct. 1463, 1470 (2012)) ("In reaching this conclusion, the [Supreme] Court recognized that the sentencing function is to be exercised by the judiciary alone, and the BOP, as an arm of the same branch of government that prosecutes criminals, is confined to executing that sentence."). Therefore, should the court discuss the merits of Petitioner's separation of powers argument, the

undersigned recommends the court find that 18 U.S.C. § 3585(a) and Program Statement 5880.28 do not violate the Separation of Powers Clause of the United States Constitution and grant Respondent's Motion for Summary Judgment.

III.     Conclusion and Recommendation

Based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 18, be GRANTED, and this habeas Petition be dismissed.

IT IS SO RECOMMENDED.

December 18, 2015                                                      Kaymani D. West
Florence, South Carolina                                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation.**